## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.                          No. 4:19:CR00564-09 BSM

SHERRY STANSBERRY                                          DEFENDANT

### MOTION TO RECONSIDER RELEASE ON CONDITIONS

      The Defendant, Sherry Stansberry, by and through his attorney, Erin Cassinelli, states in support of her Motion to Reconsider Release on Conditions:

      1.      On October 2, 2019, the Grand Jury for the U.S. District Court for the Eastern District of Arkansas returned an indictment charging Ms. Stansberry with conspiracy to distribute fentanyl and the use of a telephone in furtherance of that conspiracy. Ms. Stansberry entered pleas of not guilty and was released on conditions to include inpatient drug treatment.

      2.      After being medically treated with opiate pain medications many years ago, Ms. Stansberry developed an addiction to opiates. Although dependent on opiates, she was a "functioning addict," including working full time at a job she held for many years and concealing her addiction from her family.

      3.      Ms. Stansberry completed inpatient treatment on November 22, 2019, and moved to chem-free living. By December 4, 2019, she relapsed. Shortly after, she became ill while at home and did not return to the chem-free living center one night, resulting in her termination from the program. Thereafter, she testified positive for opiates on several occasions. On one occasion, she required medical attention. As a result of several of these circumstances, the government moved to revoke her release, and the Court held a hearing on the motion.

4.      At the hearing, the Court ordered Ms. Stansberry detained but permitted her to request that the Court reconsider release after 60 days.

5.      Ms. Stansberry has now been incarcerated for more than 60 days. During that time, she and her family have been inquiring of varying facilities to find one that will be most beneficial to Ms. Stansberry's recovery. After speaking with experts, including Ms. Stansberry's prior USPO officer, it is likely that, due to the depth and duration of Ms. Stansberry's addiction, chemical intervention (that is, medication) is the most appropriate method of treatment and the one most likely to be successful.

6.      The Stansberrys have been seeking information from various programs to find a fit for Ms. Stansberry, although this is difficult due to every program's need to speak directly to Ms. Stansberry to confirm admission. Even so, Ms. Stansberry's family has identified a program they feel will best suit her needs and will very likely accept her. Counsel also spoke with the director of the program to confirm. Ms. Stansberry and her family now ask the Court to permit her release and order her to participate in the UAMS Psychiatric Research Institute's Center for Addiction Services and Treatment intensive outpatient buprenorphine program. The program utilizes buprenorphine as well as individual and group therapy to treat opioid addiction. Upon admission, participants must undergo lab work and psychological and physical examinations. A grant funds the program, so participants must follow program rules and continue to make progress in order to stay in the program. Participants must finish three phases of the program that include drug testing and outside meetings, in addition to those provided as part of the program. If the physicians overseeing the program feel that a participant needs additional care, he/she will recommend a higher level of care (i.e. inpatient treatment). According to the director, the duration of Ms.

Stansberry's addiction (over 20 years), as well as other circumstances, make her a good fit for the program.

7.     Ms. Stansberry asks the Court to schedule a hearing at which she will ask the Court to release her on conditions to include participation in the UAMS program outlined above, in addition to any other conditions the Court finds appropriate.

8.     AUSA Julie Peters has authorized undersigned counsel to state that the United States defers to the judgment of the Court and United States Probation Office.

WHEREFORE, the Defendant, Sherry Stansberry, asks the Court to grant her motion, and for any other relief the Court finds appropriate.

Respectfully submitted,

/s/ **Erin Cassinelli**
ABN 2005118
erin@lcarklaw.com

**Attorney for Defendant**
LASSITER & CASSINELLI
813 West Third Street
Little Rock, AR 72201
(501) 370-9300